IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANN HILL,

        Plaintiff,                            No. CIV S-09-1565 GEB GGH

    vs.

COUNTY OF SACRAMENTO, et al.,

        Defendants.               <u>SUMMARY ORDER</u>

_____/

        Previously pending on the undersigned's law and motion calendar for December 17, 2009, was defendants' Motion for Protective Order. The court now summarizes the orders made at hearing.

<u>UNDISPUTED DISCOVERY REQUESTS</u>

        The discovery requests not at issue in the joint statement (requests 2-14, 15-41, and 1, 42-45), shall be produced as previously agreed to by the parties, but the timing of that production shall be as ordered herein.[1]

\\\\\

---

[1] The scope of discovery to be produced in the disputed requests does not apply to these undisputed requests as these undisputed requests were not specifically at issue before the undersigned, other than their date of production. The dates for production are set forth in the Conclusion.

1

DISPUTED DISCOVERY REQUESTS

The disputed discovery requests identified in the joint statement (requests 5, 10, 11, 12), shall be produced by the dates set forth below and within the following confines.

Request for Production #5 - Defendants shall produce documents responsive to this request as limited to the years 2005 to present, and limited to Sacramento International Airport retail concessions that sell products or services.

Request for Production #10 - Defendants shall produce documents responsive to this request as limited by the definition for "utilization" proffered by plaintiff, to include only actual employment, contract, use, and retention. It is also limited to concessions at the airport that sell products or services and to the years 2005 to present.

Request for Production #11 - Defendants shall produce documents responsive to this request as limited to airport concessions that sell products or services only, from 2004 to the present.

Request for Production #12 - This request is duplicative of number 10, and therefore the same ruling applies to this request.

The timing of production is set forth in the Conclusion.

PROTECTIVE ORDER

The parties shall submit a stipulated protective order to protect, among other things, the privacy rights of other concessionaires. The parties are referred to Pintos v. Pacific Creditors Ass'n., 565 F.3d 1106, 1115 (9th Cir. 2009) (finding compelling reasons required in dispositive motions) and Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (holding good cause necessary in non-dispositive motions), for the standards required in seeking a protective order.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion for protective order (docket # 40) is granted in part and denied in part;

2

    2. Defendants shall file their Rule 26 disclosure statement forthwith;

    3. The parties shall file a joint stipulation seeking to extend expert disclosure dates to March, 2010, forthwith;

    4. Defendants shall produce all Rule 26 disclosures by January 15, 2010;

    5. Defendants shall produce remaining documents by February 15, 2010, or a statement that all documents were previously produced;

    6. Defendants shall produce their privilege log by February 15, 2010.

    7. The parties shall file a stipulated protective order upon production of defendants' documents, i.e., no later than February 15, 2010.

Dated: 12/18/09

            /s/ Gregory G. Hollows

            _____
            U.S. MAGISTRATE JUDGE

GGH:076
hill1565.summ