1  JOHN A. LAVRA, CSB No. 114533
   AMANDA L. BUTTS CSB No.  253651
2  Longyear, O'Dea and Lavra, LLP
   3620 American River Drive, Suite 230
3  Sacramento, Ca. 95864
   Telephone: (916) 974-8500
4  Facsimile: (916) 974-8510

5  Attorneys for COUNTY OF SACRAMENTO
   ROGER DICKINSON,
6  ROBERTA MACGLASHAN,
   SUSAN PETERS,
7  JIMMIE YEE,
   DON NOTTOLI,
8  SACRAMENTO AIRPORT SYSTEM,
   and G. HARDY ACREE

9

10         **UNITED STATES DISTRICT COURT  EASTERN DISTRICT**

11              **OF CALIFORNIA SACRAMENTO DIVISION**

12

13  ANN HILL,                          )   **CASE NO. 2:09-CV-01565-GEB-GGH**
                                       )
14        Plaintiff                    )   **STIPULATION FOR PROTECTIVE**
                                       )   **ORDER AND ORDER**
15   v.                                )
                                       )
16  COUNTY OF SACRAMENTO, ROGER        )
    DICKINSON, ROBERTA MACGLASHAN,     )
17  SUSAN PETERS, JIMMIE YEE, DON      )
    NOTTOLI, SACRAMENTO AIRPORT        )
18  SYSTEM, and G. HARDY ACREE         )
                                       )
19        Defendants.                  )
                                       )
20  L O N G Y E A R,  O'D E A  &  L A V R A  (916) 974-8510

21         Subject to the approval of this Court, the parties hereby stipulate to the following

22  protective order:

23         1.      In connection with discovery proceedings in this action, defendants hereby

24  designate the following production of documents as "CONFIDENTIAL" under the terms of this

25  Stipulated Protective Order (hereinafter "Order"). All documents produced pursuant to this Order

26  concern actual trade secret and/or confidential information of Java City, Inc., a third party, and

27  are responsive to Plaintiff's Request for Production of Documents, Set One, propounded to

28  Defendant County of Sacramento. The confidential information produced pursuant to this

1   protective Order has not been made public and the disclosure of this information would have the

2   effect of causing harm.

3         2.     Documents designated as "CONFIDENTIAL," under the terms of this Order, refer

4   to discovery material that the producing party or protected person reasonably believes not to be in

5   the public domain and reasonably believes contains any trade secret or other confidential,

6   strategic, research, development, or commercial information, as such terms are used in Federal

7   Rules of Civil Procedure, Rule 26(c)(1)(g), that, if disclosed, would materially affect the party's

8   or protected person's business, commercial or financial interests. By designating these documents

9   as "CONFIDENTIAL," under the terms of this Order, the party making the designation is

10   certifying to the Court that there is a good faith basis both in law and in fact for the designation

11   within the meaning of the Federal Rules of Civil Procedure, Rule 26(g).

12         3.     Confidential documents shall be so designated by stamping copies of the

13   document produced to a party with the legend "CONFIDENTIAL" . Stamping the legend

14   "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the

15   document as confidential, unless otherwise indicated by the producing party. All documents

16   produced pursuant to this Order are bates stamped and watermarked "CONFIDENTIAL" "DO

17   NOT DUPLICATE".

18         4.     Material designated as confidential under this Order, the information contained

19   therein, and any summaries, copies, abstracts, or other documents derived in whole or in part

20   from material designated as confidential shall be used only for the purpose of this action, and for

21   no other purpose.

22         5.     Confidential material produced pursuant to this Order may be disclosed or made

23   available only to each party, or to counsel for that party (including the paralegal, clerical, and

24   secretarial staff employed by such counsel), the Court, and any mediator or settlement facilitator

25   engaged in this action on agreement of all of the named parties to this action. This information

26   may be provided to any expert retained for consultation and/or trial. In the event that this

27   confidential information is given to an expert per this Order, counsel that retained the expert shall

28   provide a copy of this Order with the confidential information and the expert shall agree to abide

1    by all terms and conditions of confidentiality related to the subject documents.

2         6.    Should plaintiff decide to include Confidential Material in any papers to be filed

3    with the Court, plaintiff will give at least 72 hours notice, if the circumstances permit, to

4    defendants in order to allow defendants the opportunity to seek an order sealing the material in

5    question.[1]

6         7.    In the event that any Confidential Material is used in any court proceeding in this

7    action, it shall not lose its confidential status through such use, and the party using such shall

8    take all reasonable steps to maintain its confidentiality during such use.  Prior to disclosure of

9    materials or information designated "CONFIDENTIAL" at trial or a hearing, defendants will be

10   timely notified of plaintiff's intention to use or refer to such Confidential Material, and may seek

11   further protections against public disclosure from the Court.

12        8.    This Order is entered for the purpose of facilitating the exchange of documents

13   and information between the parties to this action.  Nothing in this Order nor the production of

14   any information or document under the terms of this Order nor any proceedings pursuant to this

15   Order shall be deemed to have the effect of an admission or waiver by either party or of altering

16   the confidentiality or nonconfidentiality of any such document or information or altering any

17   existing obligation of any party or the absence thereof.

18        9.    Nothing in this Protective Order shall in and of itself require disclosure of

19   information that is protected by the attorney-client privilege, work-product doctrine, or any other

20   privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that

21   otherwise privileged documents must be produced due to waiver or for any other reason.

22        10.   Testimony taken at a deposition or conference that refers to the Confidential

23   Material may be designated as confidential by making a statement to that effect on the record at

24   the deposition or other proceeding.  Arrangements shall be made with the court reporter taking

25   and transcribing such proceeding to separately bind such portions of the transcript containing

26   _____

27       [1]See E.D. Cal. R. 141, *Pintos v. Pacific Creditors Ass'n.*, 565 F.3d 1106, 1115 (9th Cir. 2009) (finding
     compelling reasons required in dispositive motions) and *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th
28   Cir. 2002) (holding good cause necessary in non-dispositive motions).

1    information designated as confidential, and to label such portions appropriately.

2        11.    If Protected Information produced in accordance with this Order is disclosed to

3    any person other than in the manner authorized by this Order, the party responsible for the

4    disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of

5    all counsel of record and, without prejudice to other rights and remedies available to the

6    producing party, make every effort to obtain the return of the disclosed Protected Information and

7    prevent further disclosure of it by the person who was the recipient of such information.

8        12.    This Order shall survive the final termination of this action, to the extent that the

9    CONFIDENTIAL  information is not or does not become known to the public, and the Court

10   shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed

11   hereunder.  Upon termination of this case, all parties and/or counsel for parties shall assemble

12   and return all documents, material, and deposition transcripts designated as confidential and all

13   copies of the same to counsel for Defendant County of Sacramento, Longyear, O'Dea & Lavra,

14   LLP, 3620 American River Drive, Suite 230, Sacramento, CA 95864 who produced the

15   CONFIDENTIAL records.

16   **IT IS SO AGREED.**

17

18   DATE: March 25, 2010          LONGYEAR, O'DEA AND LAVRA, LLP

19
     L O N G Y E A R, O' D E A A N D   L A V R A, L L P • 3620 American River Drive, Suite 230 • (916) 974-8510
20                                   By:    */s/ Amanda L. Butts*

21                                          JOHN A. LAVRA
                                            AMANDA L. BUTTS
22                                          Attorneys for County of Sacramento et al.

23

24   DATE: March 25, 2010          ANTHONY T. CASO

25

26                                   By:    */s/ Anthony T. Caso*

27                                          ANTHONY T. CASO
                                            Attorney for Plaintiff
28

1    **IT IS SO ORDERED.**

2

3    Dated: March 30, 2010                    /s/ Gregory G. Hollows

4                                             _____
                                             UNITED STATES MAGISTRATE JUDGE
5

6    hill1565.po

7

8

9

10

11

12

13

14

15

16

17

18

19
     L O N G Y E A R, et al. v. California State University, Sacramento   (916) 974-8510
20

21

22

23

24

25

26

27

28

                                                    Stipulation for Protective Order and [Proposed] Order