IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANN HILL,

Plaintiff, No. CIV S-09-1565 GEB GGH

vs.

COUNTY OF SACRAMENTO, et al.,

Defendants. ORDER

_________________________________/

Previously pending on the undersigned's law and motion calendar for March 18, 2010, was plaintiff's amended motion to compel production of documents in compliance with court order, and for sanctions. Anthony Caso represented plaintiff. Amanda Butts appeared on behalf of defendants County of Sacramento, Roger Dickinson, Robert MacGlashan, Susan Peters, Jimmie Yee, Don Nottoli, and G. Hardy Acree. After reviewing the papers and hearing oral argument, the court now issues the following order.

BACKGROUND

This case concerns plaintiff's operation of a Java City concession at Sacramento International Airport, which she alleges was terminated by defendants on July 31, 2009, after almost 20 years of operation. The complaint alleges the termination was based on race, but defendants contend her sublease was not renewed due to poor financial performance of her

concession.

This motion concerns a continuation of a dispute previously resolved by order of December 21, 2009. Plaintiff claims that defendants delayed in producing much of the discovery ordered by the court. Initial Rule 26 disclosures were to be produced by January 15, 2010, but were not produced until January 18, and amended disclosures were produced on February 16, 2010. Documents were ordered produced by February 15, and although some were produced on February 16, additional documents were not produced until March 3, March 8, and March 11 (the deadline for filing this joint statement), with a promise to look for more documents responsive to the court order. At hearing, defendants represented that still more documents had been delivered by the County to defense counsel the night before the hearing (March 17), but counsel had not yet reviewed them. Of the documents produced, plaintiff claims that many of them were in no particular order, that pages within documents were scrambled, that some emails either did not have their attachments, or the attachments were separated from the email by hundreds of pages. According to plaintiff, some documents were produced in no useable format. The privilege log was produced on February 16 as ordered; however, a supplemental privilege log was produced on March 8.

Plaintiff seeks an order compelling defendants to produce documents over which privileges have been claimed but which plaintiff asserts are not privileged, an order protecting plaintiff from further delayed discovery, and sanctions for having to bring this motion and the previous motion.

Defendants argue that their lead counsel was out of the country on a personal vacation from February 4 to 27, 2010, during part of the time that production was ordered to occur, and as a result, some documents were produced late because they were mistakenly left out of the February 16th production. In all, only 20 items out of 5,181 pages were mistakenly omitted. Defendants also claim that plaintiff failed to meet and confer prior to noticing this motion. It was not until March 9, when plaintiff's counsel delivered his portion of the joint

statement to defense counsel that defendants became aware of specific documents plaintiff contends were not part of the previous production, as well as plaintiff's issues with documents already produced. Defendants claim that due to the immense amount of documents and data in this case, it is possible that they unintentionally overlooked some documents.

The disputes specifically raised by the parties pertain to specific document requests as outlined herein.

DISCUSSION

A. DEFENDANTS' CLAIM OF TRADE SECRET PRIVILEGE

Original Request No. 32 - All documents relating to Chuck Van Vleet, as later limited to his Java City concessions at Sacramento International Airport from 2006 to present.

Defendants claimed trade secret privilege, and did not produce any documents in response, contending that Java City was the holder of the privilege and it had not yet responded to defendants' request to produce the documents subject to a protective order. At hearing, defendants updated their position, and indicated that they had already forwarded a proposed protective order for plaintiff's review.

There is a trade secrets privilege. Union Pacific R. Co. v. Mower, 219 F.3d 1069, 1077 (9th Cir. 2000). In order to claim such a privilege, the party seeking the protection must produce a declaration outlining specific descriptions of the information sought, and how it can be used to the opposing party's advantage, amounting to an adequate factual basis for application of the privilege. Id. See generally Lion Raisins v. U.S. Dept. of Agriculture, 354 F.3d 1072, 1080 (9th Cir. 2004). Defendants have not produced any declarations and therefore have not made a showing, although the undersigned can understand that trade secrets *might* be implicated.

In any event, the undersigned previously ordered a stipulated protective order; however, none was submitted up to March 25, 2010, when a proposed order was placed in the court's record. Protective orders are permitted to protect trade secrets or allow them to disseminated in a designated manner. Fed. R. Civ. P. 26(c)(7). There is no harm in ordering the

allegedly protected material produced pursuant to a protective order. Defendants shall produce all responsive documents subject to the concurrently signed stipulated protective order within seven days of this order.

B. ATTORNEYCLIENT PRIVILEGE

Request No. 44 - "All documents relating to defendants' reactions, responses, plans, and discussions regarding the decision of the Ninth Circuit Court of Appeals decision in Western States Paving Co., Inc. v. Washington State Department of Transportation, 407 F.3d 983."

Defendants claim the attorney client privilege over one document, inter-departmental "correspondence from County Counsel regarding County DBE compliance after Western Paving."

Plaintiff does not really dispute the privileged nature of the document, but believes that any privilege was waived based on an asserted advice of counsel. Defendants have not formally raised this defense in their answer, and an insufficient showing has been made that the defense was nevertheless *de facto* employed and accepted by the court. Plaintiff's motion to compel is denied in this regard.

C. DEFENDANTS' CLAIM OF PRIVILEGE RELATED TO DOCUMENTS NOT INCLUDED IN THE ORIGINAL PRIVILEGE LOG

Plaintiff objects to both the delay in claiming privilege, asserting that defendants unilaterally gave themselves a 90 day extension instead of the court's 74 day time limit, and to the merits of some of the claimed privileges, such as communications between two individuals who are not attorneys, referencing Exhibit A, the supplemental privilege log.

As to the merits of the claimed privileges, without seeing the documents themselves, the undersigned finds they are presumptively privileged.

Plaintiff specifically objects to the claimed privilege of only one document entitled, "email regarding Motion for Preliminary Injunction," Bates stamped HIL004358 in the supplemental privilege log. Defendants assert that this document is privileged because although

not between attorneys, it is part of a chain of emails regarding the motion for preliminary injunction and directly relates to other emails involving attorneys at the County Counsel's Office. The court accepts defense counsel's representation. This document is not required to be disclosed.

D. DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

Request No. 5 - Documents regarding concepts for concessions at airport. The parties later limited this request to documents from 2005 to the present and to only those airport retail concessions that sell products or services.

Plaintiff claims that defendants failed to produce an April 25, 2006 report to the Board of Supervisors and the June 6, 2006 memo to the Board outlining the airport's "interim concession strategy." Defendants represented at hearing that they had received these documents from the County the night before the hearing.

At the March 18, 2010 hearing, defendants were ordered to produce these documents by close of business that day.

Request No. 7 - "All documents relating to financial performance of concessions at Sacramento International Airport between 2000 and the present date." Plaintiff offered to limit this request to financial performance for all concessions, other than car rentals at the airport, from 2000 to present, and the court previously ordered production by February 15, 2010.

Plaintiff claims that defendants' production included data only up to July 31, 2009, despite the fact that these reports are completed monthly. Defendants represent that the most recently produced document was not created until recently because it represents revenue and financial information for fiscal year 2009 to 2010, through December 2009. It was completed in January 2010. It was not produced in the February 15th production due to a communication error between Ms. Butts and office staff while she was out of the country. As soon as counsel returned to work, she discovered the mistake and immediately produced this document. However, there does not appear to be much excuse for the belated production of the

other monthly reports.

Plaintiff's motion to compel is denied as moot in regard to this request; however, it will be considered in regard to sanctions as plaintiff had already completed at least one deposition where access to this information would have been relevant.

Request No. 15 - "All documents relating to the Vino Vollo concession at the Sacramento International Airport."

Plaintiff claims that defendants still have not produced documents related to the negotiation of the lease, approval of the menu and prices, or documents relating to objections raised by HMS Host to the lease.

Based on representations at hearing, the County certainly had these documents in their possession at the time production was originally ordered. As defense counsel only received the documents from the County the night before the hearing, they shall be produced within seven days of this order, if counsel has not already produced them.

Request No. 18 - Documents regarding Kelly Tu, as limited by plaintiff's proposal to narrow the request to documents mentioning Ms. Tu or any of her concessions at the airport, from 2000 to present.

At hearing, plaintiff represented that she now believes she has received all responsive documents from the County based on their delivery the night before the hearing. Therefore, defendants shall produce all responsive documents within seven days of this order, to the extent they have not already done so.

Request No. 21 - Documents regarding G. Hardy Acree, as narrowed by plaintiff's offer to limit the request to the original hiring of Mr. Acree and to discrimination complaints against him.

Defendants originally produced no documents in response. At hearing, defense counsel represented that she still had not seen any hiring documents or discrimination complaints. She has asked the County to conduct another search, and is waiting to hear from this client. All documents responsive to this request shall be produced within seven days of this

order.

E. DECLARATION BY COUNTY

Based on defendants' delays in production thus far, as well as lack of production until prompting by plaintiff, a declaration from the County regarding all discovery propounded by plaintiff will be required. An official shall submit said declaration within seven days of this order which sets forth that the County has conducted a thorough and good faith search for all documents in its custody, possession or control responsive to plaintiff's requests as modified, the specific detailed efforts the County has made to conduct the search, and to the best of his or her knowledge, under penalty of perjury, all discovery requests have been responded to fully, and all documents have been produced.

F. SANCTIONS

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983).

Fed.R.Civ.P. 37(b) addresses the sanctions for violation of a court order. None of the draconian sanctions set forth in Rule 37(b)(2)(A) are warranted. However, subsection C provides that "the court must order [sanctions], unless the failure [to obey the order] was substantially justified or other circumstances make an award of expenses unjust." "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes of the Advisory Committee on Rule 37." David v. Hooker, 560 F.2d 412, 419 (9th Cir. 1977).

This matter first came to the court's attention via a motion for protective order by defendants, along with a request for order shortening time, filed November 12, 2009, in regard to plaintiff's motion to compel production of documents. Responses to the original discovery were due by December 3, 2009. From the beginning, defendants made many boilerplate objections.

(See e.g. Jt. Stmt., dkt. #42, at 14, 17; Butts Decl., filed December 11, 2009, dkt. #42-3, Ex. A.) All of the document requests at issue in the instant motion were already raised as issues by plaintiff in the original motion to compel. (Id. at 13, 10 n.1.) After hearing on December 17, 2009, the undersigned granted much of defendants' requested extensions of time by order of December 21, 2009. Specifically, defendants were ordered to file their Rule 26 disclosure statement forthwith, produce all Rule 26 disclosures by January 15, 2010, produce remaining documents by February 15, 2010 (or a statement that all documents were previously produced), produce a privilege log by February 15, 2010, and file a stipulated protective order by February 15, 2010. (Dkt. # 46.)

The undersigned now finds that defendants violated much of the terms of that order. Although the order granted defendants an extra 74 days in which to serve their privilege log, defendants unilaterally granted themselves approximately 21 extra days to finalize the log. Despite having served supplemental disclosures on January 18, three days late, defendants also served amended supplemental Rule 26 disclosures on February 16, 2010, one month after the January 15, 2010 deadline. They did produce some documents on February 16, 2010;[1] however, they produced additional documents on March 3, 8, 11, and 17, well beyond the February 15 deadline provided by the order, with the latest production occurring the night before the March 18, 2010 hearing on the instant second motion to compel. Defendants related to plaintiff that they would continue to look for more responsive documents, apparently with no deadline in mind. Finally, despite plaintiff's attempt to get a protective order on file as ordered, the County does not dispute that it delayed in cooperating to have one timely filed.

The duty to supplement initial disclosures and discovery responses may not be transformed into a license to grant oneself continuances of discovery deadlines set forth in the Federal Rules or in court orders. The undersigned has noticed an increasing practice of

[1] February 15, 2010 was a federal holiday.

counsel/parties to conduct a cursory or less than complete review for documents/ information prior to a deadline because a hard look can be postponed as "they can always supplement later." The case law disagrees. "'In short, Rule 26 imposes a *duty* on Plaintiffs; it grants them no *right* to produce information in a belated fashion.'" Id. (emphasis in original). Dag Enterprises, Inc. V. Exxon Mobile Corp., 226 F.R.D. 95, 110 (D.D.C.), quoting Reid v. Lockheed Martin Aeronautics Co., 205 F.R.D. 655, 662 (N.D.Ga.2001).

Although defense counsel did explain some delays and problems with production, the undersigned finds them insufficient to completely avoid sanctions. For example, counsel did advise her clients of the court order and need for timely production. Some of the documents had to come through third party Host and the County was not as knowledgeable about such documents. While this reason was germane to the initial motion, it lost its force after the court order. In addition, counsel did refer at hearing to a document which was not in existence at the time of the initial request for production. But, even giving the benefit of the doubt, these perhaps bona fide excuses are the exceptions and not the rule. Most of the fault does not lie with counsel herself; however, it is clear that much of the delay was avoidable. Plaintiff should not have been forced to bring a second motion to compel the same production that was earlier requested and ordered by the court. It is apparent from most of the requests that plaintiff had already compromised in limiting the requests before defendants were required to respond. Furthermore, plaintiff has already started depositions, and was counting on the production occurring at the time it was ordered. Counsel was unable to question witnesses about documents which had not been produced. It was permissible for defense counsel to leave the country in the middle of a production; however, she had approximately eight other attorneys in her office who could have helped with this production. The fault may also lie with the County which was in receipt of this court's order; it seemingly, unilaterally decided on a rolling production with no particular final date for compliance.

Therefore, the court finds a lack of substantial justification for the County's

belated compliance with the court's order. However, because the belatedness of compliance is the issue upon which sanctions are awarded, there is no basis for finding such with respect to the initial motion to compel. No sanctions will be awarded in connection with the initial motion.

Plaintiff requests $9,835 in fees and costs for 16.7 hours on the prior motion and 10.9 hours on the instant motion. Counsel seeks compensation at the rate of $350.00.[2] The undersigned finds that rate reasonable (albeit at the high end). However, only the 10.9 hours deal with the motion to secure compliance with the court order. Sanctions are awarded in the amount of $3,815.00. While the court will not determine here specifically who of counsel or the County shall reimburse plaintiff in connection with the sanctions order, or in what proportion, the court finds that the awarded sanctions are not reportable to any state entity by counsel.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended motion to compel, filed February 19, 2010 (docket # 49) is granted in part;

2. Defendants shall produce documents and a declaration by the County within seven (7) days of this order, other than the documents ordered to be produced by close of business on the day of the hearing; and

3. Plaintiff's motion for sanctions is granted in part in the above amount set forth.

Dated: March 30, 2010

/s/ Gregory G. Hollows

U.S. MAGISTRATE JUDGE

GGH:076
hill1565.ord.wpd

---

[2]If the court's math is correct, counsel's actual rate would be $356.34. This amount will be rounded down.