ANTHONY T. CASO, No. 88561
Law Office of Anthony T. Caso
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 386-4432
Facsimile: (916) 307-5164
E-Mail: tom@caso-law.com

Attorney for Ann Hill

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN HILL,<br><br>            Plaintiff,<br><br>       v.<br><br>COUNTY OF SACRAMENTO, ROGER DICKINSON, ROBERTA MACGLASHAN, SUSAN PETERS, JIMMIE YEE, DON NOTTOLI, SACRAMENTO AIRPORT SYSTEM, and G. HARDY ACREE,<br><br>            Defendants. | Case No.:  2:09-cv-01565-GEB-GGH<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, Host International, Inc. ("Host") a non-party to this action, has been required by subpoena to produce documents ("Discovery Materials"), that might reveal sensitive, confidential and/or proprietary information and/or trade secrets which should not be disclosed except in a highly restrictive manner. The Parties desire to accomplish and facilitate discovery in these actions without jeopardizing privacy, business, and commercial interests in the confidentiality of this information. The confidential information produced pursuant to this protective Order has not

been made public and the disclosure of this information would have the effect of causing harm. Host shall have the right to designate as confidential certain portions of Discovery Materials, provided that it concerns bona fide trade secrets, nonpublic financial information, research and development information, commercial information relating to future development plans or to competitive considerations, information relating to negotiations or transactions currently in progress or in prospect, or any other confidential information.

2. Any material designated as confidential, under the terms of this Order, shall have the legend "PROPRIETARY-SUBJECT TO PROTECTIVE ORDER" placed on it in a manner obstructing the least possible amount of writing or other information on the page, and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order. Said materials or documents refer to discovery material that the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Federal Rules of Civil Procedure, Rule 26(c)(1)(g), that, if disclosed, would materially affect the party's or protected person's business, commercial or financial interests. By designating these documents as confidential under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of the Federal Rules of Civil Procedure, Rule 26(g).

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to each party, or to counsel for that party (including the paralegal, clerical, and secretarial staff employed by such counsel), the Court, and any mediator or settlement facilitator designated for this case. This information may be provided to any expert

retained for consultation and/or trial. In the event that this confidential information is given to an expert per this Order, counsel that retained the expert shall provide a copy of this Order with the confidential information and the expert shall agree to abide by all terms and conditions of confidentiality related to the subject documents.

5. Should any party decide to include Confidential Material in any papers to be filed with the Court, that party will give at least 72 hours notice, if the circumstances permit, to Host in order to allow Host the opportunity to seek an order sealing the material in question.[1]

6. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use. Unless there is a court order sealing the material in question, the parties will continue to use electronic filing in accordance with local rules and the parties may refer to the materials during trial or any hearing.

7. This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by Host or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

8. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue

---

[1] See E.D. Cal. R. 141, *Pintos v. Pacific Creditors Ass'n.*, 565 F.3d 1106, 1115 (9th Cir. 2009) (finding compelling reasons required in dispositive motions) and *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)(holding good cause necessary in non-dispostive motions).

that otherwise privileged documents must be produced due to waiver or for any other reason.

9. Testimony taken at a deposition or conference that refers to the Confidential Material may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

10. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

11. This Order shall survive the final termination of this action, to the extent that the CONFIDENTIAL information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Upon termination of this case, all parties and/or counsel for parties shall assemble and return all documents, material, and deposition transcripts designated as confidential and all copies of the same to counsel for Host International, Inc., Bailey Law Group, P.C. 1615 L Street, Suite 650, Washington, DC 20036 who produced the CONFIDENTIAL records.

///

Stipulated Protective Order – No. 2:09-cv-01565-GEB-GGH
4

1  **IT IS SO AGREED.**

2

3  DATE:

          BAILEY LAW GROUP, P.C.

4

5            By: /s/ Kathy Dianne Bailey
          KATHY DIANNE BAILEY
6           Attorneys for Host International, Inc.

7  DATE:   May 26, 2010

8            ANTHONY T. CASO

9            By: /s/ Anthony T. Caso
          ANTHONY T. CASO
10           Attorney for Plaintiff

11

12  DATE:

13

          LONGYEAR, O'DEA & LAVRA

14

15            By: /s/Amanda Butts
16           AMANDA BUTTS
          Attorneys for County of Sacramento, et al.

17

18

19

20  **IT IS SO ORDERED.**

21  Dated: June 3, 2010       /s/ Gregory G. Hollows
22           _____

23            UNITED STATES   MAGISTRATE JUDGE

24

25

26  Hill1565.proord

27