IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |   |
|---|---|---|
| ANN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-01565-GEB-GGH |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | <u>MOTION FOR RECONSIDERATION</u>[*] |
| COUNTY OF SACRAMENTO; ROGER DICKINSON; ROBERTA MACGLASHAN; SUSAN PETERS; JIMMIE YEE; DON NOTTOLI; SACRAMENTO AIRPORT SYSTEM; and G. HARDY ACREE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Ann Hill ("Hill") filed a motion for reconsideration on July 19, 2010, in which she requests that this Court's order filed on July 30, 2009 be reconsidered under Local Rule 230(j), and the Court's inherent power. The July 30, 2009 order denied Hill's motion for a preliminary injunction, in which Hill argued the sublease under which she operated her Java City concession in Terminal A at the Sacramento International Airport (the "Airport"), was not extended or renewed because of racial discrimination against her. Hill argues that "newly discovered evidence" entitles her to a reconsideration of the July 30, 2009 order.

**I. BACKGROUND**

Hill alleges her complaint, which she filed on June 5, 2009, that because of the County of Sacramento's racial discrimination

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

against her sublease which authorized her to own and operate a Java City coffee concession in Terminal A of the Airport was allowed to end under a term of her sublease contract.  Hill filed a motion for preliminary injunction on July 1, 2009, in which she argued that allowing her to continue operating her concession business would preserve the status quo.  Hill further argued that the County, which owns and operates the Airport and contracted with HMS Host International ("Host") to provide food and beverage concessions at the Airport, should be prevented from excluding her minority owned business from Terminal A.

Hill's motion was denied because she "ha[d] not shown a likelihood of success on the merits of her claims against the County." (Docket No. 28, Order 7:3-4.)  Specifically, Hill "ha[d] not provided evidence from which a reasonable inference can be drawn that the County is responsible for where her business is located in Terminal A." (Id. 7:7-10.)  Further, Hill failed to provide evidence to "support drawing the inference that the County took action against her business interests based upon racial discrimination." (Id. 7:21-23.) Nor had Hill "controverted . . . with sufficient probative evidence" the "County's declared purpose" for not extending Hill's sublease, "which [was] to increase competition and revenue." (Id. 9:1-5.) Following the expiration of her contract with Host on July 31, 2009, Hill ceased operating the Java City concession at the Airport.

## II.   LEGAL STANDARD

Although Hill seeks reconsideration under the Court's inherent power, there is no need to decide whether Hill's motion can be decided under the Court's inherent authority since Federal Rule of Civil Procedure 60(b)(2) ("Rule 60(b)(2)") states in pertinent part:

"On motion and just terms, the court may relieve a party . . . from a[n] . . . order . . . for newly discovered evidence, that with reasonable diligence, could not have been discovered . . . ." "Relief from [an order] on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the [motion]." Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)); see also Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985) (stating that a party moving under Rule 60(b)(2) "is obliged to show that [the] evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing") (emphasis and quotations omitted). Further, "[e]vidence is not newly discovered . . . if it . . . could have been discovered with reasonable diligence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 n.6 (9th Cir. 1994) (citing Coastal Transfer, 833 F.2d at 211).

### III.  DISCUSSION

Hill argues she is entitled to reconsideration of the order denying her request for a preliminary injunction because she presents newly discovered evidence showing that the County participated in deciding where concessions would be located at the Airport. Defendants counter Hill has failed to show that the evidence Hill

1  presents as newly discovered evidence could not have discovered before
2  the hearing on Hill's preliminary injunction motion.
3        Hill presents as newly discovered evidence several emails,
4  spreadsheets, and depositions.  Hill states at the time of the
5  original motion "litigation was at such an early stage, the motion was
6  filed without the benefit of document discovery or depositions."
7  (Mot. 1:20-21.)  Hill also produces the declaration of Patricia White,
8  a program manager with the Federal Aviation Administration, to which
9  ten additional exhibits are attached.  (Caso Decl. Ex. K, White Decl.)
10 However, White declares several of the exhibits referenced in her
11 declaration were letters provided to Hill prior to when Hill filed her
12 preliminary injunction motion.  (Id. ¶¶ 3, 4, 5, 9.)
13       Hill has not demonstrated that the evidence she argues is
14 newly discovered evidence could not "have been discovered with
15 reasonable diligence" before the hearing on her preliminary injunction
16 motion.  Wallis, 26 F.3d at 892 n.6.  Therefore, Hill's motion for
17 reconsideration is DENIED.

Dated:  August 16, 2010

                                  GARLAND E. BURRELL, JR.
                                  United States District Judge